United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DOUGLAS RIDENHOUR, d/b/a/ "CHUCK D", individually and as a member of "PUBLIC ENEMY", on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UMG RECORDINGS, INC., a Delaware Corporation,<br><br>Defendant. | No. C 11-5321 SI<br>Related Case C 11-1613 SI<br><br>**ORDER GRANTING DEFENDANT UMG RECORDINGS, INC. MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION FOR OPEN BOOK ACCOUNT** |

On February 10, 2012, the Court held a hearing on defendants' motion to dismiss plaintiff's third cause of action. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

This is an action by brought by Carlton Douglas Ridenhour d/b/a "Chuck D," a member of the music group "Public Enemy," for himself and all those similarly situated against UMG Recordings, Inc. ("UMG"). Plaintiff alleges that UMG breached two contracts and violated California's Unfair Competition Laws by failing to pay royalties due, and failing to properly account to plaintiff and the class for royalties stemming from the leasing and/or licensing of plaintiff's and class member's musical performances that were sold by digital content providers. Plaintiff asserts five causes of action on behalf of himself and all those similarly situated: Breach of Contract, Declaratory Judgment, Open Book Account, Violations of the California's Unfair Competition Law, and Violations of New York's Unfair Competition Law.

Plaintiff's claims stem from an agreement between Bring the Noize, Inc., formed to represent the interests of Public Enemy, and Def Jam Recordings ("Def Jam"). Class Action Complaint

("Compl.") ¶ 54. This agreement was originally memorialized in 1986 ("1986 Agreement") and amended in 1992 ("1992 Agreement"). *Id*. at ¶¶ 53, 55. The agreement was terminated in 1998 but Def Jam's royalty obligations continued. *Id*. at ¶ 56. UMG acquired Def Jam in 1998. *Id*. at ¶ 57. The 1986 Agreement contains the following choice of law clause:

> This agreement has been entered into in the State of New York, and the validity, interpretation, and legal effect of this agreement shall be governed by the laws of the State of New York applicable to contracts entered into and performed entirely within the State of New York.

Exhibit 1 to defendant's motion to dismiss at ¶ 21.07.

The 1992 Agreement contains a similar clause:

> This agreement has been entered into in the State of New York, and the validity, interpretation, and legal effect of this agreement shall be governed by the laws of the State of New York applicable to contracts entered into and performed entirely within the State of New York (without giving effect to any conflict of law principles under New York law).

*Id*., Ex. 2. at ¶ 19.08.

The introduction to each of the agreements identifies all the parties to the agreement as maintaining their places of business in New York. (Ex. 1, p. 1; Ex. 2, p. 1). Plaintiff is currently a resident of the state of California. Compl. ¶ 14. Defendant is a Delaware corporation with headquarters in California. *Id*. at ¶ 17.

Defendant seeks dismissal of plaintiff's third cause of action for open book account under California law, in which plaintiff claims defendant owes him money pursuant to an open account between the parties.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading

of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

As a preliminary matter, the Court can consider the text of the two contracts attached to defendant's motion to dismiss. "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). "However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Id*. (emphasis added). "[W]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." 5A Fed. Prac. & Proc. Civ. § 1327 (3d ed. 2011). The Ninth Circuit has said that a document is not "outside" the complaint if the complaint specifically refers to the document and its authenticity is not questioned. *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir.1982).

Neither party disputes the authenticity of the 1986 or 1992 Agreements attached as Exhibits 1 and 2 to defendant's motion to dismiss. The complaint specifically refers to them in paragraphs 53 and 55. Thus, these documents are not "outside" the complaint and the Court will consider them when evaluating this motion.

3

**I.     Choice-of-Law**

Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005). California law recognizes "strong policy considerations favoring the enforcement of freely negotiated choice-of-law clauses." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 462 (1992). In *Nedlloyd Lines*, the California Supreme Court described the analytical framework to be applied by courts in determining whether to enforce a choice-of-law provision:

> [T]he court first [must] determine either: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law. If, however, either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. If there is no such conflict, the court shall enforce the parties' choice of law. If, however, there is a fundamental conflict with California law, the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue. If California has a materially greater interest than the chosen state, the choice of law shall not be enforced, for the obvious reason that in such circumstance we will decline to enforce a law contrary to this state's fundamental policy.

*Id*. at 466 (internal citations and ellipses omitted). "The party advocating application of the choice-of-law provision has the burden of establishing a substantial relationship between the chosen state and the contracting parties." *Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263, 1269 (C.D. Cal. 2008). "The burden then shifts to the party opposing application to show that application would violate a fundamental policy of California." *Id*.

Defendant contends that New York law applies to plaintiff's individual claim for open book account pursuant to the choice-of-law provisions in the 1986 and 1992 agreements. Plaintiff counters that the choice-of-law provisions are unenforceable, and that California law applies to the open book account claim.

The Court finds that defendant has met its burden to show a substantial relationship between the chosen state, New York, and the contracting parties. Both of the parties' predecessors-in-interest were domiciled in New York when the agreements in question were made, and both agreements specify New York as the place where the parties are to provide notices and where defendant is to make royalty payments. Plaintiff asserts that the Court should consider the parties' "current dealings" to evaluate

4

whether New York has a substantial relationship to the transaction. However, none of the cases cited by plaintiff supports that proposition. The Court agrees with defendant that the Court's inquiry is directed to the circumstances existing at the time of contracting because "the fundamental goal of contract interpretation is to give effect to the mutual intent of the parties as it existed at the time of contracting." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 989 (9th Cir. 2006).

The Court further finds that plaintiff has not met his burden of showing that application of New York law to plaintiff's open book account claim would violate a fundamental policy of California. Plaintiff has not cited any cases identifying a fundamental policy of California with regard to open book account claims. Instead, plaintiff asserts that if the open book claim is dismissed he will be without a remedy. However, plaintiff is seeking the allegedly underpaid contractual royalties in the breach of contract claim as well as the claims for unfair competition under California and New York law. The Court finds the choice-of-law provisions in the 1986 and 1992 Agreements valid.

## II.     Open book account

Plaintiff's claim for open book account is based on accounts created by the 1986 and 1992 Agreements. Compl. ¶ 114 ("Pursuant to *UMG's agreements with Plaintiff* and other Class members, UMG keeps, and at all relevant times has kept, open book accounts . . .") (emphasis added). Defendant's duties and liabilities regarding those accounts, including its duty to make royalty payments every six months, are defined by the Agreements. Ex. 1, §§ 9, 10, 11; Ex. 2, §§ 9, 10, 11.

Plaintiff does not dispute that New York does not recognize a cause of action for open book account. *Cusano v. Klein*, No. CV 97–4914 AHM (Ex), 2002 WL 34267920, *1 (C.D. Cal. Apr. 9, 2002), *aff'd*, 153 Fed. Appx. 998 (9th Cir. 2005); *Waldman v. Englishtown Sportswear, Ltd.*, 92 A.D.2d 833, 836 (N.Y. App. 1983). Instead, plaintiff seeks leave to amend his complaint to assert a similar claim for mutual, open book, account under New York law. However, under New York law an account that is only open for a sixth month period is not "open." *Rodgers v. Roulette Records, Inc.*, 677 F. Supp. 731, 735-36 (S.D.N.Y. 1988). The underlying agreements in this case call for royalty obligations to plaintiff to be settled at regular six-month intervals. Ex. 1 ¶ 11.01; Ex. 2 ¶ 11.01. The Court therefore finds that plaintiff cannot assert a claim for mutual, open book, account under New York law and

GRANTS defendant's motion to dismiss plaintiff's third cause of action without leave to amend.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's third cause of action is GRANTED without leave to amend. Docket 11.

**IT IS SO ORDERED.**

Dated: February 13, 2012

SUSAN ILLSTON
United States District Judge